UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONNIE BOONE, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:05-CV-173 RM |
| vs. ) | |
| ) | |
| FRANK CANARECCI, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Ronnie Boone, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

First, Mr. Boone alleges that he was denied a razor on November 26, 2004 while other inmates were allowed to shave with razors. "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." Ingraham v. Wright, 430 U.S. 651, 674 (1977). The denial of a single razor on one occasion is a *de minimis* injury which does not give rise to an equal protection claim. This claim will be dismissed.

Second, Mr. Boone alleges that on the same day, he was also denied a clean uniform. It appears from Mr. Boone's description that he was on a cell block with 24 other inmates, 22 of whom also were denied clean uniforms. Mr. Boone states that as a result, he had to wear his uniform for two weeks and that the lack of uniforms was caused by the absence of a key jail employee who was evidently responsible for the uniforms. Though he was a pre-trial detainee when these events occurred, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious

to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Here, the inefficiency of the jail in distributing clean uniforms does not rise to the level of deliberate indifference and wearing the same uniform for two weeks did not deny Mr. Boone the minimal civilized measure of life's necessities. Neither did the Equal Protection Clause require that the other two inmates also be denied uniforms merely because Mr. Boone and 22 others were. This claim will be dismissed.

Third, Mr. Boone alleges that is legal mail was once opened outside of his presence on December 10, 2004.

> We have never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action. Rather, we agree with other circuits that an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation.

<u>Gardner v. Howard</u>, 109 F.3d 427, 431 (8th Cir. 1997) (citations, quotation marks, and brackets omitted).

> While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail.

<u>Davis v. Goord</u>, 320 F.3d 346, 351 (2nd Cir. 2003) (citations and quotation marks omitted).

> Defendants admitted to opening one piece of Smith's constitutionally protected legal mail by accident. Such an isolated incident, without any evidence of improper motive or resulting interference with Smith's right to counsel or to access to the courts, does not give rise to a constitutional violation.

Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). Mr. Boone does not allege, and based on this complaint it would not be reasonable to infer, that opening this single piece of legal mail was other than inadvertent, delayed his receipt of it, interfered with his right to counsel, or denied him access to the courts. This claim will be dismissed.

Fourth, Mr. Boone alleges that he has filed grievances, but he has not gotten a response. A jail is not required to provide a grievance procedure and they are not required to respond to grievances. Jones v. Brown, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003) ("[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.") This claim will be dismissed.

Fifth, Mr. Boone alleges that he was denied due process when the jail was locked down for 48 hours on February 24, 2005. Pre-trial detainees may not be punished without due process of law, Bell v. Wolfish, 441 U.S. 520 (1979), but not every placement of a pre-trial detainee in segregation constitutes punishment, and a pre-trial detainee's segregation for legitimate security reasons without a hearing does not violate due process. Zarnes v. Rhodes, 64 F.3d 285, 291 n.5 (7th Cir. 1995). Mr. Boone alleges that the entire jail was placed on lock down. Even

4

though he does not believe that there were justifiable reasons for locking down the jail, "Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted). "[E]ven if it may later seem unnecessary in the peace of a judge's chambers," Graham v. Connor, 490 U.S. 386, 396 (1989), this court will not second guess the decision to impose a 48-hour lockdown at the jail. This claim will be dismissed.

    For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

    SO ORDERED.

    ENTERED: April  7 , 2005

                                         /s/ Robert L. Miller, Jr.
                                         Chief Judge
                                         United States District Court